# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY DAVIS, <br><br> Plaintiff, <br> v. <br><br> CAMDEN COUNTY JAIL, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-07117 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES

Ashley Davis, Plaintiff Pro Se
966 Ferry Ave
Camden, NJ 08104

**SIMANDLE, District Judge:**

1. Plaintiff Ashley Davis seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii), except that claims relating to conditions of confinement arising prior to September 30, 2014, are dismissed with prejudice.

### **Claims Against CCJ: Dismissed With Prejudice**

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

(3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.*

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

*Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

### Conditions Of Confinement Claims: Dismissed Without Prejudice

8. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

11. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12. However, with respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states: "in holding when first brought in there were more females then the cell can hold fights started and unnecessary people were getting hurt because of how many people in cell. Toilet kept overflowing and stayed that way the whole 10 hrs was in holding." Complaint § III(C). Plaintiff further states in the relief section of her complaint, "I slept in a cell for a week with the sink water constantly running never shut off. I would get my period and be told there were no feminine products. Came to a point where there was no toilet paper being handed out and had to wipe with actual paper which cause a urinary tract infection." Complaint § IV.

13. Plaintiff states this occurred "2010 to 2016." *Id*. § III(B)

14. Plaintiff denies any injuries. *Id*. § IV ("N/A").

15. With respect to requested relief, Plaintiff states "yes" but does not describe the requested relief she is seeking.

She does state, "The whole jail needs to be straightened from processing, 7 day, population." *Id*. § V.[4]

16. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

---

[4] Given Plaintiff's reference to the "jail needs to be straightened out" (Complaint § V), the Court advises Plaintiff that she is one of thousands of members of a certified class in a case on this Court's docket captioned *Dittimus-Bey, et al. v. Taylor, et al.*, Civil Action No. 1:05-cv-0063-JBS, United States District Court for the District of New Jersey. The class plaintiffs are all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until the present time. The *Dittimus-Bey* class of plaintiffs seeks injunctive and declaratory relief concerning allegedly unconstitutional conditions of confinement at the CCCF involving overcrowding. The *Dittimus-Bey* class action does not involve money damages for individuals. Various measures undertaken pursuant to the Court-approved Second and Third Consent Decrees have reduced the CCCF jail population to fewer prisoners than the intended design capacity for the jail, thereby greatly reducing or eliminating triple and quadruple bunking in two-person cells; these details are further explained in the Final Consent Decree, which would continue those requirements under Court supervision for two more years. This class action did not provide monetary compensation to the class members. The settlement did not bar any individual class member from seeking money damages in an individual case.

17.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

18. Moreover, to the extent the complaint seeks relief for conditions Plaintiff encountered during periods of confinement ending prior to October 13, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.[5] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

19. Plaintiff alleges the events giving rise to her claims occurred between 2010 and 2016. Complaint § III. The allegedly unconstitutional conditions of confinement at CCJ, namely the overcrowding, would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims arising from her incarcerations between 2010 and October 13, 2014 expired before

---

[5] Plaintiff filed this complaint on October 13, 2014.

this complaint was filed in 2016. Plaintiff therefore cannot recover for these claims.[6]

20. Additionally, Plaintiff complains of "toilet overflowing for 10 hrs while in holding," "lack of sanitary products," and "lack of toilet paper." Complaint § III(C), V.

21. Denial of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, which would include basic sanitary conditions, can be sufficient to state an actionable constitutional deprivation. However, the non-specific nature of Plaintiff's allegations as to these claims does not provide a reasonably sufficient basis for this Court to infer that sanitary conditions are in fact constitutional violations.

22. Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3). While *pro se* complaints are

---

[6] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

construed liberally and are held to less stringent standards than formal pleadings drafted by lawyers (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), *pro se* litigants nevertheless must still allege facts, taken as true, to suggest the required elements of the claims asserted. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008); *McNeil v. United States*, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

23. Here, the Court cannot discern from Plaintiff's non-specific reference to "toilet overflowing for 10 hrs while in holding," "lack of sanitary products," and "lack of toilet paper" (Complaint § III(C), V) the particular cause(s) of action Plaintiff intends to pursue against any particular person as to this alleged condition of confinement. For example, the Complaint is silent regarding: whether access to another toilet was provided, for how long she was denied sanitary products, whether alternatives were provided, and the reason for the non-functioning nature of the toilet referred to in the Complaint (*e.g.*, plumbing maintenance schedule, plumbing malfunction, etc.) (*see Passmore v. Ianello*, 528 F. App'x 144, 149 (3d Cir. 2013) ("[C]ourts will generally not interfere with prison administrative matters and will afford significant deference to

judgments of prison officials regarding prison regulation and administration. *See, e.g., Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977) ('Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators')").

24. Furthermore, construing the Complaint - without deciding – to suggest that Plaintiff's claims of unsanitary conditions, "[may] no doubt [have been] unpleasant, [but] it does not pose an obvious health risk and consequently does not deprive [Plaintiff] the minimal civilized measures of life's necessities." *Carson v. Main*, No. 14-cv-7454, 2015 WL 18500193, at *4 (D.N.J. Apr. 15, 2015) (dismissing plaintiff's Fourteenth Amendment due process claim where neighboring cells shared plumbing pipes and required residents to flush their own toilet to dispose of the neighboring cell's waste). *Accord Junne v. Atlantic City Med. Ctr.*, No. 07-5262, 2008 WL 343557, at *10 (D.N.J. Feb. 4, 2008) (dismissing plaintiff's conditions of confinement claim where plaintiff alleged that the jail's lack of a private bathroom and his "need to use the toilet in the presence of a total stranger caused substantial embarrassment," because "plaintiff's embarrassment ensuing from having another person in the cell while plaintiff uses the toilet cannot qualify as a violation of plaintiff's constitutional rights").

"There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. 539 n. 21. Plaintiff has failed to present facts demonstrating that the conditions complained of here passed this threshold. She does not contend these conditions were punishment or that she suffered adversely from it. The Complaint has not alleged that Plaintiff developed physical injuries as a result of the condition.

25. Viewing the facts and the totality of the circumstances in the light most favorable to Plaintiff, the Complaint fails to set forth sufficient factual matter to show that these claims are facially plausible as they do not offer facts that are necessary to show that she was subjected to a genuine privation for an extended period. *Fowler*, 578 F.3d at 210. Therefore, such allegations fail to state a claim and will be dismissed without prejudice, with leave to amend.

26. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end,

the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[7]

27. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. As discussed above, if Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after October 13, 2014.

28. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

---

[7] The amended complaint shall be subject to screening prior to service.

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

29. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim, except that claims arising prior to October 13, 2014, are dismissed with prejudice.

30. An appropriate order follows.

**October 19, 2017**     **s/ Jerome B. Simandle**
Date                     JEROME B. SIMANDLE
                         U.S. District Judge